# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

August 30, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

| | |
|---|---|
| DANIEL REYES, *et al.*,<br>    *Plaintiffs-Appellants*,<br><br>**No**.   05-1628                              **v.**<br><br>REMINGTON HYBRID SEED COMPANY, INC., *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Central District of Illinois.<br><br>No. 02-CV-2239<br>Michael P. McCuskey, *Chief Judge*. |

## Order

Plaintiffs-appellants filed a petition for rehearing on August 2, 2007. All of the judges on the panel have voted to deny rehearing. The petition for rehearing is therefore DENIED.

The slip opinion of this court issued on July 20, 2007, is amended as follows:

Page 4, first paragraph, third line from the bottom of the paragraph add an "*" after "work.".

Page 4, at the bottom of the page add the following footnote:

* The AWPA does oblige employers to disclose "the period of employment". 29 U.S.C. §1821(a)(4). Plaintiffs treat this phrase as equivalent to "the number of hours of work to be paid for every week", but its more natural reading is "the beginning and ending dates of work." That is how the phrase is used elsewhere in the same section: §1821(e) requires employers to keep records for "three years from the end of the period of employment." This treats "period of employment" as beginning and ending dates rather than a number of hours per week. Doubtless the phrase is ambiguous, but plaintiffs have not identified (nor could we find) any judicial decision, regulation, or legislative history equating "the period of employment" with "the minimum number of hours of paid work per week."